Robert J. Buscho, SBN 122556
rbuscho@unitedlawgroup.com
UNITED LAW GROUP
2525 Campus Drive
Irvine, California 92612
Telephone: (800) 670-5578
Facsimile: (800) 560-0452

Attorneys for Defendant,
UNITED LAW GROUP

FILED
10 MAR -5 PM 12:59
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERESA KEEHAN, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> UNITED LAW GROUP, INC., a California corporation; C.C. BROWN LAW, LLC, d/b/a THE LAW OFFICE OF C.C. BROWN, a Utah Limited Liability Company; CHARLES BROWN, an individual; and DOES 1 through 20, inclusive, <br><br> Defendants. | Case No.: '10 CV 0484 IEG WVG <br><br> **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (FEDERAL QUESTION)** <br><br> BY FAX |

TO THE HONORABLE UNITED STATES DISTRICT COURT, THE CLERK OF THE COURT, AND ALL PARTIES AND COUNSEL:

Defendant UNITED LAW GROUP, INC ("ULG"), under 28 U.S.C. §§ 1331, 1441 and 1446, hereby remove this action from the Superior Court of San

- 1 -
NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

Diego, to the United States District Court for the Southern District of California, and allege and state as follows:

1. On February 2, 2010, an action was commenced in the Superior Court of the State of California in and for the County of San Diego, entitled TERESA KEEHAN, Plaintiffs, vs. UNITED LAW GROUP, INC., a California corporation; C.C. BROWN LAW, LLC, d/b/a THE LAW OFFICE OF C.C. BROWN, a Utah Limited Liability Company; CHARLES BROWN, an individual; and DOES 1 through 20, inclusive, Defendants, as case number 37-2010-0050924-CU-BC-NC. A true and correct copy of the Summons and Complaint in this action is attached hereto as Exhibit "A".

2. The first date upon which ULG received a copy of said complaint along with a Notice of Acknowledgment of Receipt was on February 5, 2010. Said Notice was signed on the same date. A true and correct copy of the signed Notice and Acknowledgment of Receipt is attached hereto as Exhibit "B".

3. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. § 1441(b) in that it arises under, without limitation, 18 U.S.C. §§ 1961 *et seq.* and thereby raises a question of law drawn upon a federal statute enacted by Congress.

4. A Notice to Adverse Parties of Removal of this Action is concurrently filed with the Superior Court of California for the County of San Diego and a Certificate of Service will be filed forthwith with this Court.

//
//
//
//
//
//

5.   Defendant reserves the right to amend or supplement this Notice as provided by law.

Dated: February 24, 2010

Respectfully submitted,

UNITED LAW GROUP

By: _____
Robert J. Buscho
Attorneys for Defendant
United Law Group

# EXHIBIT "A"

RECEIVED F● 5 2010
by mail

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
UNITED LAW GROUP, INC, a California corporation; C.C. BROWN LAW, LLC, d/b/a THE LAW OFFICE OF C.C. BROWN, a Utah Limited Liability Company; CHARLES BROWN, an individual; and DOES 1 through 20.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

TERESA KEEHAN, an individual,



FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

2010 FEB -2 PM 2:22

CLERK-...
SAN DIEGO COUNTY COURT, CA

---

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

---

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of San Diego, North County Division. 325 South Melrose, Vista, CA 92081

CASE NUMBER:
*(Número del Caso):* 37-2010-00050924-CU-BC-NC

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Duane M. Linstrom, 2667 Camino del Rio Sout, Suite 301-12, San Diego, CA 92108

DATE: FEB 2 2010           Clerk, by   T. Ozenbaugh   , Deputy
*(Fecha)*                  *(Secretario)*              *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010).*)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* United Law Group, Inc.

   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use | SUMMONS | Code of Civil Procedure §§ 412.20, 465 |
| Judicial Council of California | | www.courtinfo.ca.gov |
| SUM-100 [Rev. July 1, 2009] | | American LegalNet, Inc. |
| | | www.FormsWorkflow.com |

DUANE M. LINSTROM, SBN 206294
**LAW OFFICE OF DUANE M. LINSTROM**
2667 Camino del Rio South, Suite 301-12
San Diego, CA 92108
Telephone: (619) 379-3496
Facsimile: (619) 374-1980
Email: duane@linstromlaw.net
Attorney for Teresa Keehan

FILED
NORTH COUNTY DIVISION

2010 FEB -2 PM 2: 22

CLERK ... COURT
SAN DIEGO COUNTY, CA

SUPERIOR COURT OF THE STATE OF CALIFORNIA,

COUNTY OF SAN DIEGO, NORTH COUNTY DIVISION

| | |
|---|---|
| TERESA KEEHAN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED LAW GROUP, INC, a California corporation; C.C. BROWN LAW, LLC, d/b/a THE LAW OFFICE OF C.C. BROWN, a Utah Limited Liability Company; CHARLES BROWN, an individual; and DOES 1 through 20, inclusive.<br><br>Defendants. | CASE NO. 37-2010-00050924-CU-BC-NC<br><br>**COMPLAINT FOR:**<br>1) UNLAWFUL PRACTICE OF LAW,<br>2) FRAUD,<br>3) BREACH OF CONTRACT,<br>4) BREACH OF FIDUCIARY DUTY,<br>5) NEGLIGENCE,<br>6) RICO, AND<br>7) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, TERESA KEEHAN, complains and alleges against the defendants as follows:

### THE PARTIES

1. Plaintiff TERESA KEEHAN is a California resident with her principal place residence at 2071 Sole Glen Escondido, CA 92029.

2. Plaintiff is informed and believes and on this information and belief alleges that UNITED LAW GROUP, INC., (hereafter "UNITED LAW GROUP") is a corporation duly organized under the laws of the state of California with a principal place of business at 2525 Campus Dr., Irvine, CA 92612.

3. Plaintiff is informed and believes and therefore alleges that defendant C.C. BROWN

1

COMPLAINT FOR DAMAGES

1  LAW, LLC, d/b/a THE LAW OFFICE OF C.C. BROWN (referred to herein interchangeably as
2  "C.C. BROWN" and "THE LAW OFFICE OF C.C. BROWN") is a Utah limited liability
3  company with a principal place of business at 2225 Murray Holladay Rd. Ste 102, Holladay, UT
4  84117.

5  4.  Plaintiff is informed and believes and therefore alleges that CHARLES BROWN is
6  an individual with a residence in the state of Utah at an unknown address and a principal place of
7  business at 2225 Murray Holladay Rd. Ste 102, Holladay, UT 84117. CHARLES BROWN was
8  at all times relevant herein, the owner and managing member of C.C. BROWN LAW, LLC,
9  d/b/a THE LAW OFFICE OF C.C. BROWN and exercises control to the extent that C.C.
10 BROWN LAW, LLC is, and was at all times relevant herein, his alter ego.

11  5.  DOES 1 through 20, inclusive, are sued under fictitious names because the true
12 names and capacities, whether individual, corporate, partnership or otherwise, are presently
13 unknown to Plaintiff. When the true names and capacities of DOES 1 through 20, or any of
14 them, are ascertained, Plaintiff will seek leave to amend this pleading to reflect accurately such
15 real names and capacities.

## JURISDICTION AND VENUE

17  6.  This court has jurisdiction over UNITED LAW GROUP and C.C. BROWN because
18 each are either an entity organized and existing under the laws of the State of California or an
19 entity that does sufficient business in California such that jurisdiction by the California courts is
20 permissible under traditional notions of fair play and substantial justice.

21  7.  This court has jurisdiction of CHARLES BROWN as a result of his substantial
22 contacts with California through his ownership and control of the LAW OFFICE OF C.C.
23 BROWN such that jurisdiction by the California courts is permissible under traditional notions
24 of fair play and substantial justice.

25  8.  Pursuant to California Civil Code § 1780(c), venue is proper in this Court because
26 plaintiff resides in San Diego County, a substantial portion of the transactions and wrongs
27 complained herein have taken place within San Diego County, and defendants have received
28 substantial compensation in San Diego County by doing business here and engaging in numerous

activities which had an effect in this county.

## FACTUAL ALLEGATIONS

9. Plaintiff TERESA KEEHAN is the owner of a home located at 2071 Sole Glen Escondido, CA 92029. Plaintiff is also trustor of a mortgage held by OneWest Bank. Sometime in early 2009 plaintiff's husband, JOHN KEEHAN, lost his job resulting in financial hardship and an inability to maintain mortgage payments to OneWest Bank. Although plaintiff's household income was reduced, it was still at about $7500 per month. As a result, plaintiff is a good candidate to receive a loan modification.

10. Shortly after falling behind in her mortgage payments, plaintiff was contacted by UNITED LAW GROUP through a telephone solicitation. This telephone solicitation was in violation of the California Rules of Professional Conduct, Rule 1-400. UNITED LAW GROUP represented to plaintiff that they were a law firm that would assist her with obtaining a loan modification and would bring legal action against her lender to ensure that a modification occurred. Believing the representations of UNITED LAW GROUP to be true, plaintiff agreed to retain their services. UNITED LAW GROUP charged plaintiff a $3,000 advance fee for their services, which plaintiff paid.

11. After receiving the advance fee from plaintiff, UNITED LAW GROUP never made any substantial efforts to assist plaintiff in obtaining a loan modification. UNITED LAW GROUP never brought the promised legal action against OneWest Bank. UNITED LAW GROUP's entire efforts consisted of sending documents to OneWest Bank along with a ridiculous letter threatening to bring legal action if the bank did not modify the loan. The letter sent to OneWest Bank was completely lacking in any legal or factual basis to justify a credible legal cause of action.

12. The attorney with UNITED LAW GROUP who drafted the letter to OneWest Bank was Sean Alan Rutledge (State Bar No. 255938), who has been barred from the practice of law in California. It is believed that UNITED LAW GROUP delegated the primary responsibility for plaintiff's account to Sean Alan Rutledge. Although previously a member of the California state bar, Sean Alan Rutledge was subjected to disciplinary charges by the State Bar of California for,

Law Office of Duane M. Linstrom
2667 Camino del Rio South, Suite 301-12
San Diego, CA 92108

1 among other things, Failure to Perform With Competence, Moral Turpitude, Failure to Respond
2 to Client Inquiries, and Failure to Refund Unearned Fees. These charges stemmed from
3 complaints made by clients who had hired UNITED LAW GROUP to help with loan
4 modifications in fact patterns substantially identical to this matter. The State Bar Court found
5 that Sean Alan Rutledge had abused his fiduciary relationship with his clients and posed a
6 substantial threat of harm not only to his clients but to the general public and thereafter barred
7 him from the practice of law in California.

8     13. After the UNITED LAW GROUP failed to provide any meaningful assistance in
9 obtaining a loan modification, THE LAW OFFICE OF C.C. BROWN contacted plaintiff via the
10 United States Post Office. Plaintiff then visited C.C. BROWN's law office located at 125 West
11 Mission Avenue, Escondido, CA 92025. By virtue of having solicited plaintiff's business in
12 California, maintaining a law office in California, and representing themselves to be a law firm,
13 plaintiff was led to believe that THE LAW OFFICE OF C.C. BROWN was a law firm licensed
14 to practice law in the state of California. C.C. BROWN also represented to plaintiff that they
15 had a 96% success rate in obtaining loan modifications. In fact, the representations of C.C.
16 BROWN were fraudulent and misleading. THE LAW OFFICE OF C.C. BROWN is not a law
17 firm licensed to practice law in the state of California. Defendant CHARLES BROWN, the
18 owner and manager of THE LAW OFFICE OF C.C. BROWN, is an attorney licensed to practice
19 law in the state of Utah but not California. Furthermore, C.C. BROWN did not have a 96%
20 success rate with achieving loan modifications.

21     14. As a direct result of the misrepresentations of C.C. BROWN, plaintiff entered into
22 what she believed was a valid attorney-client relationship with C.C. BROWN. Plaintiff agreed
23 to pay C.C. BROWN three payments of $1166.00 each. After receiving money from plaintiff,
24 C.C. BROWN began to collect documents from plaintiff and forward them to OneWest Bank in
25 order to obtain a loan modification. It soon became apparent that the efforts of C.C. BROWN
26 were inadequate to persuade OneWest Bank to modify plaintiff's loan. It was also clear that
27 C.C. BROWN was unable to bring legal action against OneWest Bank due to the fact that neither
28 CHARLES BROWN nor THE LAW OFFICE OF C.C. BROWN are licensed to practice law in

COMPLAINT FOR DAMAGES

Law Office of Duane M. Linstrom
2667 Camino del Rio South, Suite 301-12
San Diego, CA 92108

the state of California.

15. After plaintiff had spent thousands of dollars seeking legal help from two different law firms representing that they were licensed to practice law in California and capable of providing effective assistance, nothing had been achieved and a foreclosure date was rapidly approaching. As can be reasonably expected, the prospect of losing her home and the realization that she had been mislead by those who had a fiduciary obligation to protect her caused plaintiff significant anxiety and emotional distress.

16. Three days before a trustee's sale on her home, plaintiff's husband contacted yet another attorney, who was in fact licensed to practice law in California, was able to obtain an emergency temporary restraining order on the last court day before foreclosure, and bring a legal action against OneWest Bank to protect plaintiff's rights under California law. This legitimate legal pressure resulted in a prompt response by OneWest Bank, who quickly offered a trial modification to plaintiff. Unfortunately, this was the third law firm that plaintiff had paid for assistance as UNITED LAW GROUP and THE LAW OFFICE OF C.C. BROWN had either refused or were unable to provide the legal representation they had stated they would provide.

## FIRST CAUSE OF ACTION
### Unlawful Practice of Law
### (Against C.C. Brown and Charles Brown)

17. Plaintiff incorporates by reference the material factual allegations above.

18. Defendants C.C. BROWN and CHARLES BROWN represented and advertised themselves as attorneys licensed to practice law in the state of California.

19. Based on their representations, Plaintiff retained defendants C.C. BROWN and CHARLES BROWN to perform legal services in reliance upon their representations that C.C. BROWN was legally licensed to practice law in the state of California and that she was retaining competent legal counsel.

20. Defendants C.C. BROWN and CHARLES BROWN attempted to negotiate a loan modification on behalf of plaintiff after a Notice of Default had been filed.

21. As a direct result of defendants C.C. BROWN and CHARLES BROWN not being

COMPLAINT FOR DAMAGES

licensed to practice law in the state of California and their lack of knowledge of California law, plaintiff was directly harmed, including money paid to defendants C.C. BROWN and CHARLES BROWN, emotional distress from the trauma of coming within days of losing their home, and the expense of having to retain yet another attorney to provide the services that defendants C.C. BROWN and CHARLES BROWN claimed they would provide.

## SECOND CAUSE OF ACTION

### Fraud

### (Against All Defendants)

22. Plaintiff incorporates by reference the material factual allegations above.

23. Each of the defendants, directly or through their employees, made false representations to plaintiff. The false representations included the following:

   a. That they were licensed to practice law in California,

   b. That plaintiff would be adequately and competently represented,

   c. That they had a success rate of obtaining modification with greater than 96% of their clients, and

   d. That their efforts on behalf of client would make a material difference in whether or not plaintiff could obtain a modification.

24. Plaintiffs believed the representations to be true.

25. Defendants knew the representations to be false.

26. Defendants knew that plaintiff would rely upon their false representation and intended for plaintiff to so rely.

27. The representations were made recklessly and without regard for the truth.

28. Plaintiff relied upon defendants' false representations.

29. Plaintiff was directly harmed as a result of defendants' false representation, including financial harm and emotional distress.

///

///

///

## THIRD CAUSE OF ACTION

### Breach of Contract

### (Against UNITED LAW GROUP)

30. Plaintiff incorporates by reference the material factual allegations above.

31. Plaintiff and defendant UNITED LAW GROUP entered into a contract whereby UNITED LAW GROUP agreed to represent plaintiff in negotiations with OneWest Bank for a loan modification and to bring legal action against OneWest Bank.

32. UNITED LAW GROUP agreed to provide competent and professional legal representation in exchange for an upfront fee of $ 3,000.

33. Plaintiff paid UNITED LAW GROUP the $ 3,000.

34. UNITED LAW GROUP failed to bring legal action against OneWest Bank or to provide any legal representation of any value whatsoever, thereby breaching the contract.

35. UNITED LAW GROUP's breach of contract resulted in harm to plaintiff, including loss of the $ 3,000 paid, emotional distress, and the cost and effort of having to retain another attorney.

## FOURTH CAUSE OF ACTION

### Breach Fiduciary Duty

### (Against All Defendants)

36. Plaintiff incorporates by reference the material factual allegations above.

37. Defendants entered into at least a putative attorney-client relationship with plaintiff and as a result had a fiduciary obligation to act in plaintiff's best interest.

38. Defendants violated their fiduciary duty toward plaintiff by the following:

   a. Failing to provide adequate legal representation,

   b. Accepting payment for inadequate and/or unlicensed legal work,

   c. Failing to inform plaintiff of the true state of facts regarding their representation, and

   d. Misleading plaintiff as to their abilities and likely outcomes.

39. As a proximate result of defendants' violations of their fiduciary duties, plaintiff

7

COMPLAINT FOR DAMAGES

suffered damages, including loss of the money paid to defendants, emotional distress, and the cost and effort of having to retain another attorney.

## FIFTH CAUSE OF ACTION

### Negligence

### (Against All Defendants)

40. Plaintiff incorporates by reference the material factual allegations above.

41. Defendants, and each of them, owed plaintiff a duty of care to truthfully represent the services they would perform, to honestly represent the efficacy of their services, to honestly represent their ability to perform those services, and to perform any such services with due care.

42. Defendants, and each of them, negligently failed to meet this standard of conduct.

43. Defendants' failure to meet the standard of conduct was the proximate cause of damage to plaintiff.

44. Plaintiff was damaged as a result of defendants' negligence, includes loss of the money paid to defendants, emotional distress, and the cost and effort of having to retain another attorney.

## SIXTH CAUSE OF ACTION

### Violation of the Racketeering and Corrupt Organization Act

### (Against C.C. Brown and United Law Group)

45. Plaintiff incorporates by reference the material factual allegations above.

46. Defendants C.C. BROWN and UNITED LAW GROUP are existing enterprises engaged in interstate commerce.

47. Defendants C.C. BROWN and UNITED LAW GROUP made use of the mail and wires to commit fraud. Specifically, defendants used the mail and wires to solicit plaintiff's business and mislead her regarding the type, efficacy, and nature of the legal representation they offered to provide for her.

48. Defendants knew their representations to be false and intended plaintiff to rely upon those representations.

49. Plaintiff did in fact rely upon defendants' representations and plaintiff's reliance

8

COMPLAINT FOR DAMAGES

upon defendants' false representations was the proximate cause of harm to plaintiff, including loss of the money paid to defendants, emotional distress, and the cost of effort of having to retain another attorney.

## SEVENTH CAUSE OF ACTION

### Intentional Infliction of Emotional Distress

### (Against All Defendants)

50. Plaintiff incorporates by reference the material factual allegations above.

51. Defendants, and each of them, had a fiduciary relationship with plaintiff.

52. Defendants' actions in telling plaintiff that they could help her keep her home, that they were licensed to practice law in the state of California, that they would provide competent legal representation, that they had a 96% success rate, and taking payment from plaintiff and then failing to provide those services was outrageous and reckless.

53. Defendants actions led to plaintiff being within 24 hours of losing her home, in spite of being well qualified for a modification and having retained two "law firms" for assistance. As a result of being badly exploited by supposed fiduciaries in a time of financial need and nearly losing her home, plaintiff suffered severe emotional distress.

54. Defendants conduct was substantial factor in causing plaintiff's severe emotional distress.

## CONCLUSION

WHEREFORE, plaintiff prays that the court find against defendants, and each of them, as follows:

1. For compensatory, consequential and incidental damages in an amount to be proven at the time of trial;
2. For general damages in an amount to be determined at the time of trial;
3. For attorneys' fees and costs and such other recovery as afforded by statute;
4. For prejudgment interest at the legal rate of recovery;
5. Triple damages, according to statute;
6. For punitive damages in a amount deemed sufficient to punish defendants, and each of

them;

7. For such other relief as the court deems just and proper.

Dated: February 2, 2010

                        THE LAW OFFICE OF DUANE M. LINSTROM

                        Duane M. Linstrom
                        Attorney for Plaintiff
                        Teresa Keehan

## JURY DEMAND

Plaintiff hereby demands a trail by jury.

Dated: February 2, 2010

                        THE LAW OFFICE OF DUANE M. LINSTROM

*[signature]*

Duane M. Linstrom
Attorney for Plaintiff
Teresa Keehan

11

COMPLAINT FOR DAMAGES

# EXHIBIT "B"

RECEIVED FEB 0 5 2010
by mail

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Duane M. Linstrom, SBN 206294<br>The Law Office of Duane M. Linstrom<br>2667 Camino del Rio South, Suite 301-12,<br>San Diego, CA 92108<br>TELEPHONE NO.: (619) 379-3496  FAX NO. (Optional): (619) 374-1980<br>E-MAIL ADDRESS (Optional): duane@linstromlaw.net<br>ATTORNEY FOR (Name): Teresa Keehan | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 325 S. Melrose
MAILING ADDRESS: 325 S. Melrose
CITY AND ZIP CODE: Vista, CA 92081
BRANCH NAME: North County Division

PLAINTIFF/PETITIONER: Teresa Keehan

DEFENDANT/RESPONDENT: United Law Group, Inc., et al

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>7-2010-00050924-CU-BC-NC |
|---|---|

TO (insert name of party being served): UNITED LAW GROUP, INC.

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: February 3, 2010

Duane M. Linstrom
(TYPE OR PRINT NAME)

(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of (to be completed by sender before mailing):
1. [✓] A copy of the summons and of the complaint.
2. [ ] Other (specify):

(To be completed by recipient):

Date this form is signed: 5 February 2010

Robert J. Buscho
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY, ON WHOSE BEHALF THIS FORM IS SIGNED)

(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.USCourtForms.com

§JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Teresa Keehan

### DEFENDANTS
United Law Group, Inc. et al.

FILED
10 MAR -5 PM 1:01
SOUTHERN DISTRICT COURT

(b) County of Residence of First Listed Plaintiff: San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Orange
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Duane M. Linstrom, Law Office of Duane M. Linstrom
2667 Camino del Rio South, Suite 301-12, San Diego, CA 92108

Attorneys (If Known): '10 CV 0484 IEG DEPUTY WVG
Robert J. Buscho, Attorney for Defendant United Law Group

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 830 Patent | ☒ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | IMMIGRATION | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
18 U.S.C. §§ 1961 et seq

Brief description of cause:
RICO

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 02/24/2010
SIGNATURE OF ATTORNEY OF RECORD

BY FAX

FOR OFFICE USE ONLY
RECEIPT # 10849  AMOUNT 350.00  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

CR MS 3/5/10

```
DUPLICATE

Court Name: USDC California Southern
Division: 3
Receipt Number: CAS010849
Cashier ID: msweaney
Transaction Date: 03/05/2010
Payer Name: DDS LEGAL SUPPORT SYSTEMS
----------------------------------
CIVIL FILING FEE
 For: KEEHAN V UNITED LAW GROUP
 Case/Party: D-CAS-3-10-CV-000484-001
 Amount:         $350.00
----------------------------------
CHECK
 Check/Money Order Num: 112006
 Amt Tendered:   $350.00
----------------------------------
Total Due:       $350.00
Total Tendered:  $350.00
Change Amt:      $0.00



There will be a fee of $45.00
charged for any returned check.
```